**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:             December 2, 2011

Courtroom Deputy: Nel Steffens
Court Reporter:   Therese Lindblom
Probation Officer: Susan Heckman

**Criminal Action Nos.  10-cr-00507-REB and
                        11-cr-00237-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Brenda Taylor |
|  | Judith Smith |
| Plaintiff, | |
| v. | |
| 1. TIMOTHY WAYNE LEE, | Edward Pluss |
| Defendant. | |

**SENTENCING MINUTES**

**2:34 p.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum in each case.

Counsel for the government confirms that counsel has read the presentence reports and addenda.

Counsel for the defendant informs the court that counsel has read and discussed the presentence reports and addenda with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentences.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the

        congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

   In Case No. 10-cr-00507-REB:

   - the **Joint Motion for Variance** [#34] filed November 18, 2011, is **GRANTED**;

   - the **Government's Motion To Dismiss Counts One Through Seven and Counts Nine Through Thirteen of the Indictment** [#38] filed November 29, 2011, is **GRANTED**;

   - the **Government's Motion Regarding Acceptance of Responsibility** [#39] filed November 29, 2011, is **GRANTED**;

   In Case No. 11-cr-00237-REB

   - the **Joint Motion for Variance** [#15] filed November 18, 2011, is **GRANTED**;

   - the **Government's Motion To Dismiss Count Two of the Superseding Indictment** [#19] filed November 29, 2011, is **GRANTED**;

   - the **Government's Motion Regarding Acceptance of Responsibility** [#20] filed November 29, 2011, is **GRANTED**;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on

        Count 8 of the Indictment in Case No. 10-cr-00507-REB and Count 3 of the Superseding Indictment in Case No. 11-cr-00237-REB;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **180 months** in Case No. 10-cr-00507-REB and a term of **180 months** in Case No. 11-cr-00237-REB, to be served concurrently;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **ten (10) years** in Case No. 10-cr-00507-REB and **ten (10) years** in Case No. 11-cr-00237-REB, to be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic

    tests for the use of controlled substances as directed and determined by the court;

- that at defendant's expense, the defendant shall, unless then indigent, undergo an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that, as directed by his probation officer and at defendant's expense, unless then indigent, the defendant shall undergo a sex offender evaluation and shall receive any treatment, therapy, counseling, testing, or education as prescribed by the evaluation or as ordered by this court which treatment, therapy, and testing, if necessary, may include polygraph, plethysmograph, and Abel examinations and shall comply with the rules and restrictions specified by the treatment agency; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act, codified at 42 U.S.C. § 16901 et seq, as directed by his probation officer or by the Bureau of Prisons or by any state sex offender registration agency in which he resides, works, is a student, or has been convicted of a qualifying offense;

- that the defendant shall have no unsupervised contact with any female under the age of eighteen (18) years old without the prior consent of his probation officer;

- that as agreed by the parties in the Plea Agreement, the defendant shall have no contact or communication with the victim either in the Colorado or California case or with their families, or with any of the

        victims identified in the Colorado indictment;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200.00;

9. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10. That this court recommends that the Bureau of Prisons designate the defendant to a correctional facility or institution in the Eastern District of California; and

11. That the defendant is remanded to the custody of the United States Marshal.

Parties state that they have no objections to the sentence imposed.

The defendant waives formal advisement of appeal.

**3:12 p.m.    Court in recess.**

Total time in court:   00:38

Hearing concluded.